

**Adam S. Ziffer**
212-584-1832
aziffer@cohenziffer.com

1325 Avenue of the Americas
New York, NY 10019

212-584-1890 P
212-584-1891 F

November 18, 2025

**VIA ECF**

Plaintiff/Counterclaim-Defendant shall file a response, not to exceed 3 pages, by **November 25, 2025**.  So Ordered.

Dated: November 19, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Hon. Lorna G. Schofield
United States District Court
For the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

RE:   *Atlantic Specialty Ins. Co. v. Allied Gaming & Entertainment, Inc. et al.*,
      Civil Action No: 1:25-cv-08701-LGS (S.D.N.Y.)

Dear Judge Schofield:

We represent Defendants/Counterclaim-Plaintiffs ("Allied") in the above-referenced action.  Pursuant to Your Honor's Individual Rule III.A.1, Allied respectfully requests that the Court hold a pre-motion conference at the already scheduled December 9, 2025 conference, or earlier at the Court's convenience, to address Allied's anticipated motion for partial summary judgment and to stay discovery pending that motion.  Allied intends to seek partial summary judgment on its counterclaim that Plaintiff/Counterclaim-Defendant Atlantic Specialty Insurance Co. ("Atlantic") wrongfully denied coverage for the "Yellow River Action" under the policy's Interrelated Wrongful Acts provision.[1]  This discrete issue—resolvable as a matter of law via comparing the two underlying complaints with the policy language—constitutes the core dispute between the parties.

**BRIEF BACKGROUND**

    A.    **The D&O Policies**

In 2023, Allied purchased from XL Specialty Insurance Company a Directors & Officers Primary Policy (the "Primary Policy").  Atlantic sold Allied the Excess Policy, which provides $5 million in limits, excess of the Primary Policy, for the policy period August 23, 2024, to August 23, 2025.  The Excess Policy follows form and incorporates the Primary Policy, and thereby covers

---

[1] Undefined terms have the same meanings as in in Allied's Counterclaims.  (ECF No. 11).

Hon. Lorna G. Schofield
November 18, 2025
Page 2

Allied's **Loss** arising from **Securities Claims** alleging **Wrongful Acts**, defined in relevant part as "any actual or alleged act, error, omission, misstatement, misleading statement, neglect, or breach of duty."

The Excess Policy contains an **Interrelated Claims** provision that states that "[a]ll **Claims** … arising from the same **Interrelated Wrongful Acts** shall be deemed to constitute a single **Claim** … and shall be deemed to have been made at the earliest" of the two **Claims**. The Policies define **Interrelated Wrongful Acts** as "any **Wrongful Acts**, based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any of the same or related facts, series of related facts, circumstances, situations, transactions or events." There is also a Prior Notice Exclusion that excludes coverage for any Claim that was the subject of any notice given under any prior D&O policy.

### B. The Underlying Actions

When Allied tendered the Yellow River Action to Atlantic, it denied coverage, arguing that it arose from Interrelated Wrongful Acts alleged in another lawsuit covered under a previous policy period—the Elite Action. The Elite Action concerned the December 2023 purchase of 7,330,000 Allied shares by Elite Fun Entertainment. It alleged that Allied and certain directors rushed the transaction, harming other shareholders, and that the directors breached their fiduciary duties by adopting a supermajority bylaw and a dilutive rights plan.

The Yellow River Action, by contrast, arose from an entirely different transaction first occurring nearly ten months later. In October 2024, Yellow River—a private equity firm not involved in the Elite Action—purchased 6,000,000 Allied shares and received a warrant for up to 6,000,000 additional shares, exercisable at a 50% premium. Yellow River also obtained the right to appoint a Class A Director and appointed Zongmin Ding. Following that transaction, Knighted filed the Yellow River Action, alleging that the purchase price was "heavily discounted" and that appointing Ding unfairly disenfranchised other shareholders.

Atlantic has not argued that the Elite Action or the Yellow River Action (collectively, the "Underlying Actions") do not qualify as Securities Claims under the Policies. The sole dispute is whether they arise and therefore constitute a single Claim first noticed under a prior D&O policy. But, as these claims arise from separate transactions, different actors, and distinct claims of wrongdoing—the Underlying Actions do not arise from Interrelated Wrongful Acts and the Yellow River Action is covered under the Atlantic Policy.

### C. Atlantic Had Sufficient Information To Deny Allied's Claim But Now Claims It Needs Discovery

After Allied tendered the Yellow River Action, Atlantic denied coverage and filed this declaratory judgment action. Allied removed the action to this Court and asserted mirror-image counterclaims and proposed to Atlantic that the parties file cross-motions for summary judgment on the Interrelated Claims issue. Although Atlantic had enough information to deny coverage on that very ground, it declined to join Allied's request, insisting that it needed discovery to brief this

Hon. Lorna G. Schofield
November 18, 2025
Page 3

issue. Then, it served wide-ranging discovery demands seeking documents that have no bearing on this threshold, purely legal issue. Atlantic's discovery requests are irrelevant to the dispositive question of whether the Interrelated Claims provision encompasses the Yellow River Action—the only genuinely disputed issue in this case.

## ARGUMENT

### A. The Underlying Actions Are Not Interrelated Claims

Atlantic wrongfully denied coverage for the Yellow River Action because the Interrelated Claims provision does not apply. Moreover, because there are no factual disputes regarding the Policy terms or the allegations in the Underlying Actions, this issue is ripe for determination now without the need for burdensome and unnecessary discovery.

As an initial matter, there is no need for discovery. This issue can be decided as a matter of law with reference to the complaints in the Underlying Actions and the policy language. All of these documents were attached to the complaint filed by Atlantic. Therefore, there is no need for any further factual development. *See Glascoff v. OneBeacon Midwest Ins. Co.*, 2014 WL 1876984, at *7 n.5 (S.D.N.Y. May 8, 2014) (ruling on relatedness because all relevant documents were attached to complaint).

The alleged wrongdoing in the Underlying Actions involves wholly distinct conduct—different transactions, separated by nearly ten months, involving different counterparties, terms, participants, and strategic aims. Any superficial overlap—such as both actions being Securities Claims by the same minority shareholder—does not render them related. Courts consistently hold that the relevant inquiry is whether the alleged Wrongful Acts share a meaningful factual nexus, not whether they share incidental or procedural similarities. Id. at *7 (claims not interrelated despite some shared context); see also Lonstein Law Office, P.C. v. Evanston Ins. Co., 2022 WL 311391, at *10-*11 (S.D.N.Y. Feb. 2, 2022) (claims interrelated because alleged wrongful acts were "identical or nearly identical").

### B. The Prior Notice Exclusion Does Not Apply

For the same reasons, the Prior Notice Exclusion is inapplicable. The Yellow River Action was not filed until November 12, 2024—nearly three months *after* the Atlantic Policy incepted on August 23, 2024. No prior notice of the Yellow River Action was or could have been given under any D&O policy.

Hon. Lorna G. Schofield
November 18, 2025
Page 4

## **CONCLUSION**

For these reasons, and the additional grounds to be addressed in its motion, Allied respectfully requests a pre-motion conference to present the threshold interrelatedness issue, which is ripe for resolution without costly discovery. Atlantic itself claimed it could resolve this issue when it denied coverage before receiving any discovery.

We thank Your Honor for the Court's attention to this matter.

Respectfully Submitted,

Adam S. Ziffer

cc:   All Counsel of Record (via ECF)