**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

So Ordered.

Dated: January 16, 2026
          New York, New York

---

ATLANTIC SPECIALTY INSURANCE
COMPANY,

    Plaintiff/Counterclaim-Defendant,

    v.

ALLIED GAMING & ENTERTAINMENT,
INC., YANGYANG LI, YUANFEI QU,
JINGSHENG LU, YUSHI GUO, GUANZHOU
QIN, MAO SUN, CHI ZAO, and ZONGMIN
DING,

    Defendants/Counterclaim-Plaintiffs.

**Case No.: 1:25-cv-8701-LGS**

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

<u>**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**</u>

WHEREAS, the parties having agreed to the following terms of confidentiality, and the

Court having found that good cause exists for the issuance of an appropriately tailored

confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information

and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in

part, as confidential if counsel determines, in good faith, that such designation is necessary to

protect the interests of the client in information that is proprietary, a trade secret, or otherwise

sensitive non-public information ("Confidential Information"). Information and documents

designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person

receiving such information solely for use in connection with the action. Nothing contained in this

Protective Order will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

3.     In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.     Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.    The requesting party and counsel, including in-house counsel;

    b.    Employees of such counsel assigned to, and necessary to assist in, the litigation;

    c.    Outside vendors, service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services), and stenographers that counsel hire and assign to this matter;

    d.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e.      Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and

f.      The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

6.      Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential, and shared only with authorized individuals in a secure manner.  Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

7.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

8.      Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3., as well as Section 6 of the Court's ECF Rules & Instructions.

9.      Any party who seeks to file any Confidential Information – including but not limited to in pleadings, motion/application papers, affidavits, declarations, memoranda, briefs and exhibits – may, no later than seven (7) days prior to filing such material, provide all parties with written notice of its intent to file such material with the Court.  Within three (3) days of such notice by the filing party, any party who objects to the public filing of such Confidential Information must notify the filing party in writing, such that the filing party must file such materials under temporary seal.  No later than the date of the filing, the objecting party may file a motion to redact and/or seal the Confidential Information.  The parties will use their best efforts to minimize such sealing.  For any document filed under seal, a redacted version of the document shall be filed on the public docket on the same day.

10.     This Protective Order shall survive the termination of the litigation.  At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

11.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

12.     The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed, or designated as confidential.

**SO STIPULATED AND AGREED.**

Dated:          January 16,  2026
                New York, New York

| **AGUILAR BENTLEY LLC** | **COHEN ZIFFER FRENCHMAN & MCKENNA, LLP** |
|---|---|
| By:     */s/ Lisa Bentley*<br>Lisa Bentley<br>lbentley@aguilarbentley.com<br>Sangbo Nam<br>snam@aguilarbentley.com<br>5 Penn Plaza, 19th Floor<br>New York, New York 10001<br>Phone:  (646) 648-0469<br><br>*Attorneys for Plaintiff/Counterclaim-Defendant* | By: /s/ *Andrew N. Bourne*<br>Adam S. Ziffer, Esq. (AZ3511)<br>Andrew N. Bourne, Esq. (AB-9774)<br>Jason D. Meyers, Esq. (5552625)<br>1325 Avenue of the Americas, 31st Fl.<br>New York, NY 10019<br>Telephone: (212) 584-1890<br>Fax: (212) 584-1891<br>aziffer@cohenziffer.com<br>abourne@cohenziffer.com<br>jmeyers@cohenziffer.com<br><br>*Attorneys for Defendants/Counterclaim-Plaintiffs*<br>*Allied Gaming & Entertainment, Inc.* |

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>     Plaintiff/Counterclaim-Defendant,<br><br>     v.<br><br>ALLIED GAMING & ENTERTAINMENT, INC., YANGYANG LI, YUANFEI QU, JINGSHENG LU, YUSHI GUO, GUANZHOU QIN, MAO SUN, CHI ZAO, and ZONGMIN DING,<br><br>     Defendants/Counterclaim-Plaintiffs. | Case No.: 1:25-cv-8701-LGS |

     I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential.  I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated _____ , 20__


_____          _____
Name (printed)                                               Signature

Signed in the presence of (Attorney):


_____

6